IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PLUMBERS UNION LOCAL NO. 690 ET AL., | : : : | |
| | : | CIVIL ACTION |
| v. | : : | NO. 08-4271 |
| F.P.S. PLUMBING, INC., FRANK SCARPATO, and CAMPANELLA CONSTRUCTION COMPANY | : : : | |

**SURRICK, J.**                                                                                          AUGUST __20__, 2009

### MEMORANDUM

Presently before the Court is Plaintiffs' Motion for Entry of Judgment Against Defendants Frank Scarpato and F.P.S. Plumbing, Inc. (Doc. No. 34.) For the following reasons, the Motion will be granted.

**I.   BACKGROUND**

Plaintiffs are the Plumbers Union Local No. 690 and trustees of the various Plumbers Local Union 690 Industry Funds. (Am. Compl. ¶ 3.) Defendants Frank Scarpato, F.P.S. Plumbing, Inc., and Campanella Construction Company are engaged in the plumbing industry. (*Id.* ¶ 5.) On January 1, 2006, Scarpato, as owner and president of F.P.S. Plumbing, executed a Consent and Approval Statement agreeing to the terms and conditions of the Plumbers Local 690's Collective Bargaining Agreement ("CBA"). (*Id.* ¶¶ 7, 18; Doc. No. 1, Ex. A.) Between 2006 and 2008, Defendants performed work on projects at the Western Union Building in Philadelphia, with Campanella retaining F.P.S. Plumbing as a subcontractor. (*See id.* ¶¶ 8-10.) At some point during the project, Campanella discovered that F.P.S. Plumbing was not forwarding benefit payments to the Plumbers Local 690 as required by the CBA. (*Id.* ¶ 7.) To

resolve this issue, Campenella executed two joint check agreements – one in July 2006 and one in June 2008 – to guarantee that workers covered by the CBA continued to work. (*Id.*; Doc. No. 1, Exs. 3, 4.) Notwithstanding those agreements, Defendants were delinquent in making dues payments and contributions during the period from January 2008 to May 2008. (Am. Compl. ¶ 10.)

On September 5, 2008, Plaintiffs filed suit, alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, *et seq.*, the Pennsylvania Wage and Collection Law, 43 Pa. Const. Stat. § 260.1, *et seq.*, and Pennsylvania common law. (Compl. ¶¶ 29-68.) Plaintiffs also requested the Court to determine that Scarpato, F.P.S. Plumbing, and Campanella are jointly and severally liable, as a joint or single employer or alter egos.[1] (Am. Compl. ¶ 12.)

On April 18, 2009, Plaintiffs moved to amend the Complaint and we granted their motion. (*See* Doc. Nos. 26, 28.) Campanella filed an Answer to the Amended Complaint on

---

[1] As the District Court for the Northern District of Illinois has recognized:

> ERISA does not expressly provide for liability of a corporate officer who has not personally committed to the collective bargaining agreement. State law controls the issue of when the corporate veil may be pierced. When the corporate veil is pierced, an individual owner is deemed to be the "alter ego" of a corporation and hence may be liable for corporate obligations. The corporate veil may be pierced more easily in ERISA cases than in pure contract cases, to assure the promotion of the federal policies underlying ERISA.

*Cent. Ill. Carpenters Health & Welfare Trust Fund v. Struben*, No. 05-1094, 2009 U.S. Dist. LEXIS 14234, at *43 (N.D. Ill. Feb. 24, 2009) (citations omitted).

June 10, 2009. (Doc. No. 30.) In its Answer, Campanella asserted a crossclaim against Scarpato and F.P.S. Plumbing for indemnity or contribution. (Doc. No. 30 at 15-16.) Campanella alleged that Scarpato and F.P.S. Plumbing caused all damages alleged in the Amended Complaint. (*Id.* at 15.) Plaintiffs and Campanella reached an agreement for the entry of a Stipulated Judgment. The Stipulated Judgment was approved and entered on July 22, 2009. (*See* Doc. No. 38.)

Over the course of this litigation Defendants Frank Scarpato and F.P.S. Plumbing have engaged in dilatory conduct and have disregarded the Court's orders. They did not file a timely responsive pleading to the Complaint, prompting Plaintiffs to move for entry of default. (*See* Doc. No. 11.) Despite being represented by counsel, Scarpato and F.P.S. Plumbing filed an answer to the Complaint on October 28, 2008, fifty-three days after Plaintiffs filed the Complaint and thirty-three days after the time-period for filing a responsive pleading under Federal Rule of Civil Procedure 12(a)(1)(A). Not only were Scarpato and F.P.S. Plumbing tardy in responding to Plaintiffs' Complaint, but they never filed a pleading in response to the crossclaim asserted in Campanella's Answer. *See* Fed. R. Civ. P. 12(a)(1)(B) ("A party must serve an answer to a counterclaim or crossclaim within 20 days after being served with the pleading that states the counterclaim or crossclaim.").

On May 29, 2009, after a status conference, the Court entered a Scheduling Order requiring, among other things, that Defendants comply with Plaintiffs' outstanding discovery requests. (Doc. No. 27 ¶ 1.) The Scheduling Order put Defendants on notice that "[i]f this discovery is not forthcoming . . . judgment will be entered against the[] defendants." (*Id.*) On July 6, 2009, Plaintiffs filed the instant Motion arguing that they are entitled to entry of judgment because Scarpato and F.P.S. Plumbing have failed to comply with the Court's May 29

3

Scheduling Order.  (*See* Doc. No. 34-2 at 2.)  Scarpato and F.P.S. Plumbing did not respond to Plaintiffs' Motions within the fourteen days permitted under the local rules of this District.  *See* E.D. Pa. Local R. Civ. P. 7.1(c) ("[A]ny party opposing [a] motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief.").  On July 22, 2009, two days after the time for Scarpato and F.P.S. Plumbing to respond, the Court ordered them to respond by July 29, 2009.  (Doc. No. 37.)  The Order informed Scarpato and F.P.S. Plumbing that "FAILURE . . . TO SUBMIT RESPONSES BY JULY 29, 2009, WILL RESULT IN THE ENTRY OF DEFAULT JUDGMENT."  (*Id.* (capitalization in original).)  To date, Scarpato and F.P.S. have not responded to the Order or Plaintiffs' Motion.

## II.     DEFAULT JUDGMENT

### A.     Legal Standard

Federal Rule of Civil Procedure 37 permits district courts to enter default judgment for failure to comply with the Court's discovery orders.  *See* Fed. R. Civ. P. 37(b)(2)(A)(vi).  Federal Rule of Civil Procedure 55 provides district courts with the authority to enter a default judgment against a party that "has failed to . . . defend" the action.  *See* Fed. R. Civ. P. 55.  Entry of default judgment under Rule 55 is not limited to situations where a party fails to respond to a complaint; it is also appropriate where a party fails to comply with the court's unambiguous orders.  *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918 (3d Cir. 1992) (citing, *inter alia*, *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991), and *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 334 (2d Cir. 1986)).

Entry of default judgment is a "drastic sanction[], termed 'extreme' by the Supreme

Court." *Harris v. City of Phila.*, 47 F.3d 1311, 1330 n.18 (3d Cir.1995) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)); *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221-22 (3d Cir. 2003). In *Poulis v. State Farm Fire and Casualty Co.*, the Third Circuit instructed district courts to apply a six-factor balancing test to determine whether entry of default judgment is appropriate. *See* 747 F.2d 863, 867-68 (3d Cir. 1984). The so-called *Poulis* factors govern entry of default judgment as a sanction under both Rule 37(b)(2) and Rule 55(b). *See Hoxworth*, 980 F.2d at 919 (applying *Poulis* factors to review the district court's use of default judgment as a sanction under Rule 55 where Rule 37(b)(2) may also have formed a basis for the sanctions); *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 (3d Cir. 1990) (observing that the *Poulis* factors may be appropriate when default judgment sanctions are imposed under Federal Rules of Civil Procedure 37(b)(2), 41(b), or 55(b)). The *Poulis* factors require courts to consider (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary cause by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or of the attorney was willful or in bad faith; (5) the effectiveness of the sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. Not all of the factors need to weigh in favor of entering default judgment against a defendant. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("While no single *Poulis* factor is dispositive, we have also made it clear that not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."); *C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (noting that the district court did not abuse its discretion where five *Poulis* factors favored dismissal). Nor are the factors "a magic formula" that require district courts to perform "a mechanical calculation." *Mindek v. Rigatti*,

5

964 F.2d 1369, 1373 (3d Cir. 1992). Rather, the decision to enter default judgment is within the district court's discretion. *See Poulis*, 747 F.2d at 868.

**B.     Analysis**

Scarpato and F.P.S. Plumbing have abandoned the defense of this action. They have ignored this Court's orders and Plaintiffs' motions with apparent disregard for the consequences. While we will not speculate about the reasons or possible explanations for Scarpato and F.P.S. Plumbing's conduct, we weigh the *Poulis* factors cognizant of the fact that Scarpato and F.P.S. Plumbing's failure to explain or justify their conduct makes the analysis one-sided.

　　　　*1.     Extent of Scarpato and F.P.S. Plumbing's Responsibility*

The record on this point is not well developed. We have no way of ascertaining whether Scarpato and F.P.S. Plumbing are responsible for disregarding the Court's orders or if responsibility lies with their counsel. The record, however, indicates that Scarpato was aware that Plaintiffs had requested documents that were important to Plaintiffs' case, that those documents were in Scarpato's possession or control, and that Scarpato did not produce those documents. (*See* Doc. No. 34-2 at 4.) Scarpato is also aware that he and F.P.S. Pluming are defendants in this litigation. Thus, he bears at least some of the responsibility for abandoning the case, resulting in the first *Poulis* factor favoring entry of default judgment. *Cf. Poulis*, 747 F.2d at 868 ("[T]he Poulis lack of responsibility for their counsel's dilatory conduct is not dispositive, because a client cannot always avoid the consequences of the acts or omissions of its counsel.").

　　　　*2.     Prejudice to the Plaintiffs*

Scarpato and F.P.S. Plumbing's conduct has deprived Plaintiffs of materials necessary to prove Plaintiffs' case. Moreover, by abandoning this litigation, Scarpato and F.P.S. Plumbing

have prevented Plaintiffs from obtaining relief in any way other than by entry of default judgment. Therefore, this factor weighs in favor of entry of default judgment.

### 3. History of Dilatoriness

Scarpato and F.P.S. Plumbing's dilatory conduct is outlined above. In fact, their conduct has exceeded dilatoriness and reached the point of full non-compliance. Non-compliance weighs heavily in favor of entry of default judgment. *See, e.g.*, *Schutter v. Herskowitz*, No. 07-3823, 2008 U.S. Dist. LEXIS 53849, at *46 (E.D. Pa. July 11, 2008) (determining that non-compliance weighed heavily in favor of sanctions).

### 4. Willfulness and Bad Faith of Conduct

"Willfulness and bad faith can be inferred from the totality of the record." *Id.* As one three-judge panel of the Third Circuit has observed, the "[a]bsence of reasonable excuses may suggest that the conduct was willful or in bad faith." *Roman v. City of Reading*, 121 Fed. App'x 955, 960 (3d Cir. 2005) (non-precedential) (citing *Ware*, 322 F.3d at 224). Scarpato and F.P.S. Plumbing's non-compliant conduct – or that of their lawyer – has been ongoing and has continued despite efforts by the Court and Plaintiffs to curtail it. In particular, the unexplained disregard for this Court's unambiguous orders is at the very least convincing evidence of willfulness. *See id.* This factor weighs in favor of entry of default judgment.

### 5. Effectiveness of Sanctions Other than Entry of Default Judgment

Scarpato and F.P.S. Plumbing have made no effort to explain their conduct, depriving us of the ability to craft a more moderate sanction that will ensure future compliance. Moreover, they have ignored an order clearly informing them that default judgment would be entered if they failed to comply. Absent mitigating circumstances, such conduct is a clear indication that other

sanctions would not be effective and that this factor weighs in favor of entry of default judgment.

      6.     *Meritoriousness of the Claim*

" A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70. We have reviewed the Amended Complaint and are satisfied that Plaintiffs' claims are meritorious. *See Opta Sys., LLC v. Daewoo Electronics Am.*, 483 F. Supp. 2d 400, 406-07 (D.N.J. 2007) (determining that sixth *Poulis* factor was satisfied after review of the claims). Since Scarpato and F.P.S. Plumbing have provided no argument to the contrary, this factor weighs in favor of entry of default judgment.

## IV.    CONCLUSION

The six *Poulis* factors all weigh in favor of entry of default judgment against Defendants Frank Scarpato and F.P.S. Plumbing. Accordingly, Plaintiffs' Motion will be granted and judgment will be entered in favor of Plaintiffs and against Defendants Frank Scarpato and F.P.S. Plumbing.

An appropriate Order will follow.

                                                    BY THE COURT:

                                                    R. Barclay Surrick, Judge