IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PLUMBERS UNION LOCAL NO. 690
ET AL.,

   v.

F.P.S. PLUMBING, INC., FRANK
SCARPATO, and CAMPANELLA
CONSTRUCTION COMPANY

: CIVIL ACTION
:
: NO. 08-4271

FILED
AUG 21 2009
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

SURRICK, J.                     AUGUST 21, 2009

### MEMORANDUM

  The Plumbers Union Local No. 690 and trustees of the various Plumbers Local Union 690 Industry Funds ("Plaintiffs") brought this action against Defendants Frank Scarpato, F.P.S. Plumbing, Inc., and Campanella Construction Company alleging, among other things, violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiffs and Campanella entered into a stipulated judgment. Scarpato and F.P.S. Plumbing ceased defending the action and ignored Court orders and Plaintiffs' motions, resulting in the entry of default judgment in Plaintiffs' favor. Presently before the Court is Plaintiffs' Motion for Attorney's Fees and Costs (Doc. No. 35) to be paid by Scarpato and F.P.S. Plumbing. For the following reasons, the Motion will be granted and we will award Plaintiffs' counsel $14,352.50 in fees and costs.

**I. DISCUSSION**

  The Amended Complaint alleges that Scarpato and F.P.S. Plumbing violated section 515 of ERISA, 29 U.S.C. § 1145. (Am. Compl. ¶¶ 29-27.) "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint . . . will be taken as true.'" *Comdyne I,*

*Inc. v. Corbin*, 908 F.2d 1142, 1150 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure*, § 2688 at 444 (2d ed. 1983)). Taking the factual allegations in the Amended Complaint as true, Plaintiffs have established liability against Scarpato and F.P.S. Plumbing for violating section 515 of ERISA. Section 502 of ERISA, 29 U.S.C. § 1132, provides for mandatory attorneys fees where a defendant has violated section 515. 29 U.S.C. § 1132(g)(2) ("In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan . . . (D) reasonable attorney's fees and costs of the action, to be paid by the defendant . . . ."); *see also UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007) ("ERISA allows a prevailing plan to recover 'reasonable attorney's fees.'"). Accordingly, we must award Plaintiffs reasonable attorney's fees.

We apply the lodestar calculation as a starting point for determining the reasonableness of a fee request in an ERISA action. *See Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 310 (3d Cir. 2008) (citing *UAW Local 259*, 501 F.3d at 290). "Under the lodestar approach, a court determines the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate." *Id.*

### A. Reasonable Hourly Rate

"Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). In order to establish the reasonableness of the rates requested, Plaintiffs submit the affidavit of Robert P. Curley ("Plaintiffs' counsel") of the O'Donoghue & O'Donoghue law firm, which has represented both the Plumbers Union Local No. 690 and the trustees of the various Plumbers

Local Union 690 Industry Funds in this action. (Doc. No. 35-3.) Plaintiffs' counsel represents that his firm has negotiated a fee for attorney time of $200 per hour to represent the Union Funds and $180 per hour to represent the Union.[1] (*Id.* ¶ 7.) He appears to be the only attorney who billed time to this matter, and although his affidavit does not discuss his level of experience with ERISA actions, we find that he has handled the matter competently and that the fees of $200 per hour to represent the funds and $180 per hour to represent the Union are reasonable. *See, e.g., Carpenters Pension & Annuity Plan v. Grosso*, No. 07-5013, 2009 U.S. Dist. LEXIS 69020, at *20 (E.D. Pa. Aug. 6, 2009) (determining that hourly rates of $275 for partners and $230 for associates were reasonable in ERISA case); *Kuhn v. Prudential Ins. Co. of Am.*, No. 07-00625, 2008 U.S. Dist. LEXIS 52403, at *5 (E.D. Pa. July 9 2008) (determining that hourly rates of $250 was reasonable in ERISA case); *Haines v. Polymer Dynamics, Inc.*, No. 03-4088, 2007 U.S. Dist. LEXIS 49170, at *5 n.1 (E.D. Pa. July 9, 2007) (determining that hourly rates of $200 for partners and $150 per hour for associates were reasonable in ERISA case).

### B.  Reasonable Number of Hours

"A request for fees must be accompanied by 'fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys.'" *UAW Local 259*, 501 F.3d at 291 (citing *Evans v. Port Auth.*, 273 F.3d 346, 361 (3d Cir. 2001)). The collection of time slips attached to Plaintiffs' counsel's affidavit list the date, the client (either the Union or the Funds), the amount of time

---

[1] Plaintiffs' counsel has attached a collection of his time slips in this matter to his affidavit. Some of the early entries list a billing rate of $150 per hour. The total fees requested by Plaintiffs appear to include charges at this rate and have not been adjusted upward to reflect the requested amount of $180 per hour. We will accept Plaintiffs' calculations.

3

billed in quarter hour increments, the hourly rate, the value of the service (i.e., the rate multiplied by the time), and a narrative description of the service performed. The narrative descriptions contain enough detail to assess whether the task described justified the time spent. None of the entries appear to be inflated or embellished. If anything, Plaintiffs' counsel handled this matter with admirable efficiency. In total, he billed 74 hours. We find this amount to be reasonable considering that the parties have conducted some discovery, attended various pretrial conferences and meetings, and engaged in some motion practice.

C.  **Reasonableness of the Loadstar**

"Although multiplying a reasonable number of hours by a reasonable rate produces a presumptively reasonable fee, that 'does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward.'" *UAW Local 259*, 501 F.3d at 292 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Plaintiffs seek $13,902.50 for the 74 hours that counsel billed to this matter. We are aware of no considerations that would require us to adjust the fee upward or downward.

Finally, Plaintiffs seek $460 in costs, which includes the $350 filing fee for the Complaint and $110 for service on Defendants. These are reasonable costs that Plaintiffs are entitled to recover. *See, e.g., J.N. v. Mt. Ephraim Bd. of Educ.*, No. 05-2520, 2007 U.S. Dist. LEXIS 94067, at *17-18 (D.N.J. Dec. 21, 2007) (including reasonable service and filing fees in award of attorney's fees and costs); *Microsoft Corp. v. Gonzales*, No. 06-4331, 2007 U.S. Dist. LEXIS 51048, at *18 (D.N.J. July 13, 2007) (determining that $649.50 was a reasonable amount for filing fees and service of process and including the amount in the award of attorney's fees and costs).

## II. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Attorney's Fees and Costs will be granted.

An appropriate Order will follow.

BY THE COURT:

_____
R. Barclay Surrick, Judge